# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL NO. 3:24-cv-968 |
| v. | ) ) ) | **COMPLAINT** |
| SIS-BRO INC. | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and transgender status, and to provide appropriate relief to the aggrieved individual who filed Charge No. 440-2022-01587 and was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that the Defendant, Sis-Bro Inc. ("Sis-Bro"), engaged in sex discrimination against Charging Party by subjecting her to sexual harassment, creating and maintaining a hostile work environment because of her sex and transgender status, and by constructively discharging her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Illinois, East St. Louis Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Sis-Bro has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Sis-Bro has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## **CONDITIONS PRECEDENT**

6. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with EEOC alleging violations of Title VII by Sis-Bro. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On September 8, 2023, EEOC issued to Sis-Bro a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Sis-Bro to join with EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. EEOC engaged in communications with Sis-Bro to provide Sis-Bro the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On September 18, 2023, EEOC issued to Sis-Bro a Notice of Failure of Conciliation advising Sis-Bro that EEOC was unable to secure from Sis-Bro a conciliation agreement acceptable to EEOC.

**STATEMENT OF CLAIMS**

10. Charging Party was assigned male at birth.

11. Charging Party began working for Sis-Bro in 2009.

12. At the time that Charging Party began working for Sis-Bro, she presented as a male and used the name Rafael.

13. Beginning in 2018, Charging Party began her transition.

14. From the time that Charging Party began her transition in 2018 until she separated from Sis-Bro in or about October 2021, Sis-Bro engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1) at its New Athens, Illinois, location. These unlawful practices include, but are not limited to, the following:

    a. Sis-Bro engaged in sex discrimination, through its President, against Charging Party by subjecting her to severe or pervasive sex harassment and by creating and maintaining a hostile work environment, because of her sex and transgender status. The harassment included, but was not limited to, addressing Charging Party by "Rafael" or "Rafa" instead of her chosen feminine name; repeatedly telling Charging Party that she was "not a woman" but rather "a guy;" and criticizing Charging Party for obtaining gender affirming care.

b. Sis-Bro engaged in sex discrimination by permitting a co-worker of Charging Party's to subject Charging Party to severe or pervasive sexual harassment and to create and maintain a hostile work environment, because of Charging Party's sex and transgender status. The harassment included, but was not limited to, the co-worker exposing his genitals to Charging Party; touching Charging Party's breasts on one occasion; attempting to touch Charging Party's breasts on other occasions; and making explicit sexual comments to Charging Party

c. Sis-Bro was aware of the conduct described in paragraph 14(a) because the conduct was perpetrated by the President of the organization.

d. Sis-Bro was aware of the conduct described in paragraph 14(b) because the conduct was committed openly and at least some of the conduct was reported to Sis-Bro.

e. Sis-Bro lacked an effective reporting mechanism through which employees could make complaints of harassment.

15. In October 2021, Sis-Bro engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1) at its New Athens, St. Clair County, Illinois, location, when it constructively discharged Charging Party by making the workplace intolerable for Charging Party through the harassment described in paragraph 14, above.

16. The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and transgender status under Title VII.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Sis-Bro, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining Sis-Bro, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Sis-Bro to institute and carry out policies, practices, and programs that provide equal employment opportunities for transgender persons under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Sis-Bro to make Charging Party whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, providing future employment opportunities for Charging Party and/or front-pay.

E. Order Sis-Bro to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Sis-Bro to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, all in amounts to be determined at trial.

G. Order Sis-Bro to pay Charging Party punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its complaint.

Karla Gilbride
General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

Ethan M.M. Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov

s/ Jonathan Delozano
Jonathan Delozano
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street, Ste 2920
Chicago, IL 60604
312-872-9724
Email: jonathan.delozano@eeoc.gov

s/ Anne Gallerano
Anne Gallerano
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60604
312-872-9669
Email: anne.gallerano@eeoc.gov