UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIS-BRO INC.,<br><br>　　　　Defendant. | Case No. 24-cv-968-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Sis-Bro Inc. to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 22). The plaintiff Equal Employment Opportunity Commission ("EEOC") has responded to the motion (Doc. 23), and Sis-Bro has replied to that response (Doc. 26). Because the Court finds the Complaint adequately pleads its causes of action and Sis-Bro's request to dismiss remedies, rather than claims, is premature, the Court denies the motion to dismiss. The Court further sees no need for oral argument on the motion and will therefore deny the EEOC's motion for oral argument (Doc. 27).

**I.　　Standard for Dismissal**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2)

plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. That means that in an employment discrimination case, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics. *Kaminski*, 23 F.4th at 776

(citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)).  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 23 F.4th at 776-77.

**II.   Facts**

    A.   Materials Considered

As a preliminary matter, the defendant's motion to dismiss and its reply in support of the motion refer to matters outside the pleading—the charging party's ("CP" or "Natasha") charge to the EEOC and the EEOC's charge intake notes.  Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it treats the motion to dismiss as a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond.

However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiff's claim.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)).  The EEOC expressly references the CP's charge in its Complaint, and the disposition of that charge is inextricably bound up with this case.  *See Giovanni v. Megabus USA, LLC*, No. 14 C 3195, 2015 WL 6449133, at *1 n. 1 (N.D. Ill. Oct. 23, 2015).  Not so with the EEOC charge intake notes.  The Court will therefore consider the charge itself, but not the intake notes, in deciding Sis-Bro's motion to dismiss.

    B.   Facts Alleged

The allegations in the Complaint and the reasonable inferences that can be drawn

therefrom establish the following relevant facts.

Sis-Bro is a pig farming operation with a facility in New Athens, Illinois. Natasha began working for Sis-Bro at the New Athens facility in 2009. At that time, she presented as male, the sex to which she was assigned at birth, and used the name Rafael Figueroa.

In 2018, she began transitioning from male to female, and she took the name Natasha. During her transition, Clare Schilling, the president and part owner of Sis-Bro, continued to call Natasha by her given name of Rafael[1] in a tone that Natasha found mocking and condescending. Natasha asked Schilling repeatedly to call her Natasha, not Rafael, but each time Schilling refused, saying, "But that's who you are." Schilling also repeatedly told Natasha that she was a "guy," not a woman. She also criticized Natasha for obtaining gender-affirming care.

One of Natasha's coworkers constantly harassed Natasha for being transgender. On one occasion, he asked her questions about her intimate body parts and exposed his genitals to her. He also constantly commented on her breast implants and speculated about how they felt, and on one occasion groped and fondled her breasts without her consent. On other occasions, he made explicit sexual comments to Natasha. The coworker did these things openly so everyone present was aware of them. Natasha reported some of her coworker's conduct to Sis-Bro.

In October 2021, Natasha became so uncomfortable because of the foregoing conduct and the working environment became so intolerable to her that she quit.

Natasha filed a charge with the EEOC, which found reasonable cause to believe Sis-Bro had violated Title VII. After conciliation attempts failed, in March 2024 the EEOC filed this

---

[1] The practice of referring to someone by their birth or given name instead of a name they have chosen to align with their identity and have asked others to use is called "deadnaming." Cleveland Clinic, *Why Deadnaming Is Harmful*, Health conditions: Mental health, available at https://health.clevelandclinic.org/deadnaming (last updated Nov. 18, 2021).

4

lawsuit on behalf of Natasha. It asserts claims for hostile work environment created by sexual harassment based on her sex and transgender status. It also seeks various types of injunctive relief, backpay, compensatory damages, punitive damages, and possible reinstatement for Natasha. Sis-Bro now asks the Court to dismiss this suit with prejudice.

**III.     Analysis**

      A.     Notice Pleading

The overriding gist of Sis-Bro's motion is that the EEOC has not pled enough facts. Therefore, it is appropriate for the Court to first address what is sufficient to satisfy the liberal federal notice pleading standards for an employment discrimination claim. It is important to remember that the intent of this liberal standard is to ensure claims are determined on the merits rather than technicalities. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 779 (7th Cir. 2007). The Seventh Circuit Court of Appeals has observed:

> Most details are more efficiently learned through the flexible discovery process. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving. Second, a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim.

*Id.* at 779-80 (internal citations and quotations omitted).

Although that standard is more rigorous after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the federal notice pleading standard has never required a plaintiff to plead facts supporting each element of an employment discrimination claim as she would be required to support on summary judgment. "The Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories or even facts corresponding to each element of a claim." *Sargeant v. Barfield*, 87 F.4th 358, 361 (7th Cir. 2023), *rhg. & rhg. en banc denied* (Mar. 19, 2024); *Zall v. Standard Ins. Co.*, 58 F.4th 284, 295

(7th Cir. 2023). "A claim must be plausible, but it need not supply the specifics required at the summary-judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

On the contrary, to assert a federal discrimination claim, all a complaint must state is that the employer has caused some concrete injury by discriminating against her. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *see Concentra Hlth. Servs.*, 496 F.3d at 781. "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714; *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citing *Graham*, 8 F.4th at 627).

This remains true after *Bell Atlantic* and *Iqbal*. For example, in *Freeman v. Metropolitan Water Reclamation Dist. of Chicago*, 927 F.3d 961 (7th Cir. 2019), the Court of Appeals noted that to proceed under Title VII, the plaintiff "needed only to allege . . . that the [defendant] fired him because of his race." *Id.* at 965 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). Similarly, to state a Title VII hostile work environment claim, a plaintiff must allege—as modified for the current situation—

> (1) she was subject to unwelcome harassment; (2) the harassment was based on her [sex or transgender status]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability.

*Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). The *Huri* Court further noted, "A complaint that identified 'the type of discrimination' the plaintiff thought occurred, 'by whom, . . . and when' was 'all [the plaintiff] needed to put in her complaint." *Id.* at 833 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)).

6

The Court can dispose of a number of Sis-Bro's objections in one fell swoop by reference to the liberal federal notice pleading standard outlined above.  The Court is dismayed that Sis-Bro feigns ignorance of a number of obvious facts in an apparent effort to delay this case's progress to a decision on the merits.  For example, it complains that the EEOC has not identified the charging party, her gender, or the coworker who committed the offending conduct; has not identified which gender transition she was making; has not alleged specific dates for the offending conduct or a frequency showing that the conduct was severe or pervasive; and has not alleged facts showing the conduct was objectively and subjectively offensive or because of Natasha's sex or transgender status; and has not alleged Natasha actually quit her job.

A quick look at the Complaint reveals allegations that the CP was born a male named Rafael and began transitioning to another gender and is now called Natasha.  Considering those allegations, and the Complaint's consistent reference to the CP as "she," it is hard to believe that the defendant does not genuinely understand the circumstances and needs more specifics to conduct its investigation of the allegations.

Further, the EEOC charge named the coworker and described his behavior and the overall work environment as hostile and intolerable.  That should leave no doubt that Natasha was subjectively offended by the conduct; environments alleged to be hostile and intolerable are not created by inoffensive and welcome conduct.  The EEOC has alleged the general timeframe— from the beginning of Natasha's transition in 2018 to her termination in 2021—and more specifics are better fleshed out in discovery.  And whether such conduct was severe or pervasive enough to constitute an objectively hostile environment and whether it was because of her sex or transgender status can be explored in discovery and decided on summary judgment or at trial. The EEOC has alleged that it was, and that is enough at this stage of the litigation.  Finally, the

EEOC asserts Natasha was constructively discharged, which can only be reasonably interpreted to mean she quit her employment.

This type of reasoning applies equally to other alleged factual pleading deficiencies claimed by Sis-Bro; they need not be addressed *ad nauseum* in this order. Indeed, the Court finds tedious Sis-Bro's "lavishing attention on the complaint," *Concentra Hlth. Servs.*, 496 F.3d at 779, because of its disingenuous lack of understanding of obvious facts and the reasonable inferences that can be drawn therefrom.

To the extent Sis-Bro points to cases dismissing discrimination claims based on insufficient pleading, those cases are not binding precedent for this Court and come from outside the Seventh Circuit (like district courts from Michigan, Hawaii, North Carolina, Georgia, Maryland), do not involve similar pleading allegations or were at another stage of the case (judgment on the pleadings, summary judgment, trial), and/or are often in conflict with the Seventh Circuit Court of Appeals' interpretation of liberal federal pleading standards as discussed above.

In sum, the allegations in the Complaint are sufficient to notify Sis-Bro of the alleged wrongdoing such that they can investigate and defend against the allegations. Construing all the facts and reasonable inferences in the EEOC's favor, the allegation plausibly suggest it has a right to relief above the speculative level. Whether the EEOC will be able to present evidence of a hostile work environment sufficient to amount to constructive discharge at summary judgment or at trial remains to be seen. In the meantime, the Court will not dismiss the Complaint for failure to state sufficient facts.

The Court turns now to Sis-Bro's more specific arguments for dismissal.

B.  Pleading Around Affirmative Defense

Sis-Bro claims the EEOC has not sufficiently pled why its reporting mechanisms in its anti-harassment policy does not provide an effective mechanism to report harassment. The Court assumes this objection is in reference to the *Faragher-Ellerth* affirmative defense. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). If the employer took no tangible employment action against the employee, the *Faragher-Ellerth* defense will excuse an employer from liability where it took reasonable care to prevent and correct harassment and where the employee failed to take advantage of preventive or corrective measures. *Trahanas v. Nw. Univ.*, 64 F.4th 842, 853 (7th Cir. 2023). Often an effective anti-harassment policy can establish the first element of the defense. *Id.*

Because the *Faragher-Ellerth* defense is an affirmative defense that must be proved by the employer, a complaint need not anticipate it and plead around it. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). So the EEOC's failure to plead facts about why it believes Sis-Bro's harassment policy was inadequate is not a basis for dismissal. It is enough that it pleads that the harassment was open, which would reasonably give notice to the company, or that it was committed by the company's president.

C.  Failure to Exhaust Administrative Remedies

Sis-Bro asks the Court to dismiss the EEOC's retaliation claim because Natasha did not include it in her EEOC charge and the Complaint does not state a claim for retaliation. The EEOC disavows any claim for retaliation, Pl.'s Resp. 16 (Doc. 23), so this request of Sis-Bro's is moot. There is no retaliation claim in this case. Whether an injunction against future retaliation is appropriate will be decided later if the EEOC prevails in this litigation.

Sis-Bro also asks the Court to disregard any allegations that precede October 2019, the

9

date identified in Natasha's EEOC charge as the earliest date of discrimination.  It is true that Title VII requires a complainant to present her Title VII claims to the EEOC before filing a federal lawsuit.  42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs, Inc.*, 242 F.3d 759, 763 (7th Cir. 2001).  A complainant may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."  *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (internal quotations and citations omitted).

These strictures do not apply, however, to cases brought by the EEOC in exercising its statutory function of enforcing Title VII.  The Supreme Court agrees with appellate courts' rulings that "EEOC enforcement actions are not limited to the claims presented by the charging parties.  Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable."  *Gen. Tel. Co. of N.W. v. EEOC*, 446 U.S. 318, 331 (1980) (citing *EEOC v. Gen. Elec. Co.*, 532 F. 2d 359, 366 (4th Cir. 1976); *EEOC v. McLean Trucking Co.*, 525 F. 2d 1007, 1010 (6th Cir. 1975)).  Therefore, "a suit by the EEOC is not confined 'to claims typified by those of the charging party."  *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005) (quoting *Gen. Tel.*, 446 U.S. at 331).

The EEOC may bring an action based on offending conduct earlier than conduct described in Natasha's EEOC charge if it discovers such conduct.  Sis-Bro may challenge later whether the EEOC actually uncovered further conduct in its investigation, but for now it has not convinced the Court the pre-October 2019 conduct was not within the EEOC's reach.

D. <u>Change in the Law</u>

Sis-Bro asks the Court to dismiss all claims because the EEOC has not sufficiently pled that the conduct occurred after June 15, 2020, the day the Supreme Court decided *Bostock v.*

10

*Clayton County*, 590 U.S. 644 (2020).  *Bostock* held that proper interpretation of Title VII's prohibition of discrimination on the basis of sex includes the prohibition of discrimination on the basis of being a transgender person.  *Id.* at 665.

Sis-Bro's argument is based on a faulty assumption that discrimination on the basis of a person's being transgender that occurred before June 15, 2020, did not violate the law.  This is incorrect.  This is because the Supreme Court does not enact new law when it explains the meaning of a statute that already exists.  "A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  *Rivers v. Roadway Expr., Inc.*, 511 U.S. 298, 312-13 (1994).  So the Court's conclusion in *Bostock* that an employer violated Title VII when it discriminates against a transgender employee means that the statute meant that *even before Bostock*.  That is why Bostock may be entitled to relief on remand.

A new federal statute, on the other hand, is not retroactive unless Congress makes clear that it is.  *Id.* at 311-12.  Two of the cases Sis-Bro cites in support of its position bear this out, but have nothing to do with the retroactivity of Supreme Court decisions interpreting statutes.  *See Mojica v. Gannett Co.*, 7 F.3d 552, 558 (7th Cir. 1993) (holding Civil Rights Act of 1991 did not apply retroactively); *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 191-92 (7th Cir. 1994) (declining to exercise discretion to give retroactive effect to the Civil Rights Act of 1991's right to a jury trial).  The other cases it cites are distinguishable because they address special situations.  *See Fitzgerald v. Roncalli High Sch., Inc.*, 73 F.4th 529, 531 (7th Cir. 2023) (acknowledging *Bostock'*s rule prohibits 2018 sexual orientation discrimination but addressing the ministerial exception to that rule); *City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 721-23 (1978) (addressing district court's discretion to issue retroactive equitable

11

relief where it would devastate pension funds).

    E.    <u>Relief Requested</u>

Sis-Bro also seeks dismissal of the EEOC's requests for permanent injunctive relief. Motions to dismiss, however, are for *claims*, not prayers for relief. As the cases Sis-Bro cites show, the propriety of a request for an injunction is to be determined if and when the EEOC prevails and attempts to show it is entitled to such relief. In the meantime, the EEOC has stated its claims, and the relief it may be due, if any, is for a later stage of the case.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Sis-Bro's motion to dismiss (Doc. 22) and **DENIES** the EEOC's motion for oral argument (Doc. 27).

**IT IS SO ORDERED.**
**DATED:  August 15, 2024**

                                                <u>s/ J. Phil Gilbert</u>
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**