# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 3:24-cv-968 |
| Plaintiff, | PLAINTIFF DEMANDS TRIAL BY JURY |
| v. | |
| SIS-BRO INC., | |
| Defendant. | |
| NATASHA FIGUEROA F/K/A RAFAEL SANTOS FIGUEROA, | |
| Plaintiff, | |
| v. | |
| SIS-BRO INC., | |
| Defendant. | |

## COMPLAINT IN INTERVENTION
## OF NATASHA FIGUEROA F/K/A RAFAEL SANTOS FIGUEROA

Natasha Figueroa f/k/a Rafael Santos ("Plaintiff"), by attorneys Daniel I. Schlade and James M. Dore, with Justicia Laboral LLC, having moved for and been granted leave to intervene in this action, alleges as follows:

### Jurisdiction and Venue

1. This is an action for discrimination on the basis of sex, transgender status, race and national origin, sexual harassment, hostile work environment, constructive discharge, intentional infliction of emotional distress and battery, and it is brought under Title VII of the Civil Rights Act of 1964

("Title VII") as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981, and related state law tort claims.

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, 42 U.S.C. 2000e, and 42 U.S.C. 1981; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

3. This case involves claims for sex, race and national origin discrimination, sexual harassment, hostile work environment, constructive discharge, intentional infliction of emotional distress, and battery.

## Parties

4. Natasha Figueroa f/k/a Rafael Santos ("Plaintiff" or "Natasha") is a transgender female, who has been transitioning from male to female during the past six years. Natasha currently resides in Coulterville, Illinois. Natasha is of Salvadorean/Latina descent, and a person of color. She was previously employed by Defendant Sis-Bro, Inc. ("Defendant" or "Sis-Bro").

5. Defendant Sis-Bro, Inc. is an Illinois corporation that is dedicated to agricultural business, and that operates a facility at 3310 Klein School Road, New Athens, Illinois 62264. Defendant Sis-Bro, Inc. employs in excess of 20 individuals, and thus it is a covered employer under Title VII.

## Exhaustion of Administrative Remedies

6. On November 29, 2021, Plaintiff filed a charge of discrimination against Sis-Bro, Inc. with the EEOC, Charge No. 440-2022-01587, alleging sex, transgender status, race and national origin discrimination, sexual harassment and hostile environment.

7. On September 8, 2023, the EEOC issued to Sis-Bro a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Sis-Bro to join with EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. The EEOC engaged in communications with Sis-Bro to provide Sis-Bro the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8. On September 18, 2023, the EEOC issued to Sis-Bro a Notice of Failure of Conciliation advising Sis-Bro that the EEOC was unable to secure from Sis-Bro a conciliation agreement acceptable to the EEOC.

9. On March 28, 2024, the EEOC filed the present complaint in this matter, alleging that Defendant Sis-Bro violated Title VII and Title I of the Civil Rights Act when it subjected Plaintiff, who filed EEOC Charge No. 440-2022-01587, to discrimination based on sex and transgender status, and maintained a hostile work environment on the basis of sex and gender identity. Dkt. 1. Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII.

## Statement of Facts

10. Plaintiff Natasha Figueroa f/k/a Rafael Santos Figueroa was assigned male at birth.

11. On or around 2009, Plaintiff was hired by Defendant Sis-Bro, Inc. At all relevant times she was employed to do agricultural work. Sis-Bro is an agricultural business, specifically of pig farming, and one of its owners is "Clare." Plaintiff's work performance at all times met or exceeded Defendant's legitimate expectations

12. At the time that Plaintiff began working for Defendant Sis-Bro, Inc., she presented as a male and used the name Rafael Santos Figueroa.

13. Beginning in 2018, Plaintiff began her transition from male to female.

14. From the time that Plaintiff began her transition in 2018 from male to female until she separated from Sis-Bro in or about October 2021, Sis-Bro engaged in unlawful employment practices, in violation of Title VII as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981, and related state law tort claims at its New Athens, Illinois, location.

15. Defendant Sis-Bro, Inc. engaged in sex and transgender discrimination through the owner and President of Defendant Sis-Bro, Inc., Clare, who was one of the primary harassers of Plaintiff Natasha.

16. On or around 2019, Plaintiff had her breast implant surgery. On one occasion, Clare commented on Natasha's breasts, and said "you spent all your money to put those things [breast implants] on your body, and you look horrible. Clare also told Plaintiff "you are a man, don't have to be doing that kind of surgery." These frequent discriminatory comments by her supervisor Clare made Plaintiff feel discriminated, anxious and embarrassed.

17. Even tough Clare had knowledge of Plaintiff's transitioning to female, Clare would also always refer to Plaintiff Natasha as "Rafael." Clare constantly referred to Natasha as "Rafael" in a mocking and condescending manner to mock her orientation, sex and gender identity. Whenever Clare would message Plaintiff from 2019-2020, she would refer to Plaintiff as "Rafa" instead of Natasha. Again, this comments and references by Clare would make Plaintiff feel discriminated and ridiculed, many times in front of other co-workers.

18. Plaintiff Natasha repeatedly complained to Clare and asked her to call her "Natasha." Whenever Natasha made one of these complaints/requests to not use "Rafael," Clare would refuse the request and respond with something akin to "but that's what you are [i.e. Rafael, a man]."

19. Sis-Bro was aware of the conduct described above because the conduct was perpetrated by the President of the organization.

20. Plaintiff Natasha's supervisors also repeatedly discriminated against her based on her national origin and race. Her supervisors would repeatedly mock her Latina background and say things such as "Latinos are only good for working." Not only was Plaintiff discriminated by her sex and transgender status, but also she was discriminated because of her Latina descent.

21. Sis-Bro was well aware of the discriminatory conduct described in the above paragraphs because the conduct was committed openly by Plaintiff's supervisors and President (Clare), and at least some of the conduct was reported to Sis-Bro, Inc.

22. Moreover, Defendant Sis-Bro, Inc. also engaged in sex and transgender discrimination by permitting a co-worker of Plaintiff Natasha to subject her to severe or pervasive sexual harassment and to create and maintain a hostile work environment, because of Plaintiff's sex and transgender status.

23. Specifically, one of Plaintiff's male coworker "Yasson", constantly harassed Plaintiff Natasha for being transgender. During one incident, he asked Plaintiff Natasha a "question", and asked her if her surgeon could remove some of her body parts and attach them to him. He then proceeded to engage in an action to reveal his penis to plaintiff Natasha, and Natasha quickly left the area, feeling very nervous and ashamed.

24. "Yasson" also repeatedly made comments about the fact that Natasha had breast implants, and he repeatedly asked her if he could feel them to "see how they turned out."

25. As time persisted, these unwanted sexual harassment continued to escalate even further, until it started to become physical. On one occasion, "Yasson" groped and fondled Natasha's breasts without her consent. This unwanted physical touching occurred more than once, since

"Yasson" attempted to again touch Plaintiff's breasts on other occasions. At all relevant times, Plaintiff found this sexually harassing behavior on the part of "Yasson'" unwanted and inappropriate.

26. Sis-Bro was aware of the conduct described in paragraphs 23-25 because the conduct was committed openly in Sis-Bro's premises and at least some of the conduct was reported to Defendant Sis-Bro, Inc.

27. In or about the second week of October 2021, Plaintiff Natasha was forced to quit Sis-Bro, Inc., which separation constituted a constructive discharge or termination of her employment.

28. The working conditions at Defendant Sis-Bro, Inc. had become completely hostile and intolerable; and Plaintiff Natasha was forced to quit because she was subjected to unwelcome harassment; her harassment was based on sex, gender, sexual harassment, orientation, and her race national origin/race; the harassment was so severe and pervasive that it altered the conditions of her employment and created a hostile and abusive work environment; and there is a basis for employer liability.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

29. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

30. Plaintiff, as an individual of Salvadorean/Latino descent and a member of the Latino community, is a member of a protected class based on national origin.

31. Plaintiff, at all times employed by Defendant, performed her job satisfactorily.

32. Plaintiff's working conditions have become completely hostile and intolerable due to Plaintiff 's supervisors' harassment and discrimination towards her based on her Salvadorean

Latina national origin. This harassment has been so severe and pervasive that is has altered the conditions of Plaintiff's employment and it has created a hostile and abusive work environment, and there is a basis for employer liability.

33. Plaintiff had to endure the racist or discriminatory remarks and conduct on a daily or near daily basis.

34. Plaintiff has exhausted her administrative remedies.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including past and future wages, economic losses and emotional distress, in an amount to be determined at trial.

36. Defendant's actions were willful or committed with reckless indifference to Plaintiff's federally protected rights; and Defendant's conduct was malicious, oppressive, and were committed on account of Plaintiff's national origin, with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant Sis-Bro, Inc., and award her:

    a) All past lost wages and benefits, plus interest;

    b) Compensatory damages for injuries suffered because of this discrimination and hostile work environment;

    c) Any applicable punitive damages, liquidated damages, or other statutory damages;

    d) All costs and reasonable attorney's fees incurred in connection with this action; and

    e) Any other damages and further relief as deemed just.

**COUNT II**
**RACE DISCRIMINATION**
**Civil Rights Act of 1866, 42 U.S.C. § 1981**

37. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

38. Plaintiff as a Latino is a member of a protected class based on race and national origin. Plaintiff is also a person of color.

39. Plaintiff performed her job satisfactorily at all times employed by Defendant.

40. By the conduct described above, Defendant deprived Plaintiff, a Latino and person of color, of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

41. Plaintiff's supervisors were motivated by discriminatory intent against Plaintiff on the basis of her skin color and national origin, a motivation that was demonstrated by his treatment of Plaintiff, and subjecting Plaintiff to a demeaning and discriminatory atmosphere at work.

42. As a direct and proximate cause of Defendant's actions directed at Plaintiff, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

43. Defendant's actions were willful or committed with reckless indifference to Plaintiff's federally protected rights; and Defendants' conduct was malicious, oppressive, and were committed on account of Plaintiff's race and national origin with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant Sis-Bro, Inc., and award her:

    (a)    All past lost wages and benefits, plus interest;

(b) Compensatory damages for injuries suffered because of this discrimination and hostile work environment; Any applicable punitive damages, liquidated damages, or other statutory damages;

(c) All costs and reasonable attorney's fees incurred in connection with this action; and

(d) Any other damages and further relief as deemed just.

**COUNT III**
**SEXUAL DISCRIMINATION AND HARASSMENT IN**
**VIOLATION OF ILLINOIS HUMAN RIGHTS ACT**

44. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

45. The Illinois Human Rights Act ("IHRA") makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

46. Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under the Illinois Human Rights Act.

47. By their conduct as alleged herein, Defendant subjected Plaintiff to sexual discrimination and harassment in the workplace and a sexually hostile and offensive work environment.

48. Defendant failed to take proper preventative, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.

49. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

50. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Sis-Bro, Inc. on Count III and that it:

a) Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;

c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;

e) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

f) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## ILLINOIS GENDER VIOLENCE ACT

51. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

52. By the conduct as alleged herein, Defendant violated the Illinois Gender Violence Act, 740 ILCS 82/1, *et. seq.*

53. The Illinois Gender Violence Act defines "gender-related violence" to be a form of sex discrimination involving (1) one or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction, (2) a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, or conviction, or (3) a threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act. *See* 740 ILCS § 82/5.

54. The Illinois Gender Violence Act provides that any person who has been subjected to gender-related violence as defined in in the Act may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. *See* 740 ILCS § 82/10.

55. Defendant was provided with actual notice that "Yasson" was sexually harassing Plaintiff and physically abusing her. Moreover, the acts of physical violence performed by this individual towards Plaintiff were performed in on Defendant's premises and witnessed by several workers.

56. Defendant had an affirmative duty to protect Plaintiff from foreseeable harms, including sexual assaults by her coworkers.

57. Given that Defendant was advised that "Yasson" was harassing and battering Plaintiff, Defendant possessed an affirmative duty to control protect Plaintiff by: terminating "Yasson", separating "Yasson" from Plaintiff; and/or taking other actions to protect Plaintiff.

58. Defendant failed to take any appropriate corrective measures to control "Yasson", which emboldened him and caused them to engage in additional batteries towards Plaintiff.

59. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, physical pain, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Sis-Bro, Inc. on Count IV and that it:

    a) Award Plaintiff compensatory damages;

    b) Award Plaintiff emotional distress damages;

    c) Award Plaintiff punitive damages;

    d) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and

    e) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT V
## BATTERY

60. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

61. By the conduct as alleged herein, Defendant willfully and intentionally permitted its employees and agents, specifically "Yasson", to physically and sexually batter Plaintiff without her consent or authorization.

62. Defendant's improper actions were willful and deliberate in light of the fact that the "Yasson" intentionally caused unwanted touching towards Plaintiff; Defendant was advised of this conduct; and Defendant took no action to bring an end to this conduct.

63. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries, including but not limited to: physical injuries including bruising, extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Sis-Bro, Inc. on Count V and that it:

    a) Award Plaintiff compensatory damages;

    b) Award Plaintiff emotional distress damages;

    c) Award Plaintiff punitive damages;

    d) Award Plaintiff court costs and disbursements; and

    e) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT VI
## RESPONDEAT SUPERIOR LIABILITY

64. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

65.     In Illinois, under the theory of Respondeat Superior, an employer such as Defendant can be liable for the illegal conduct of an employee committed within the scope of employment. Respondeat Superior liability extends to the negligent, willful, malicious or even criminal acts of its employees, when those acts are committed with the scope of employment.

66.     "Yasson's" illegal acts complained of herein were committed while he was on duty, and within the scope of his duties and employment with and by Defendant.

67.     Defendant is therefore liable to Plaintiff Natasha for the illegal torts of its employee "Yasson" complained of herein under the Respondeat Superior doctrine.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Sis-Bro, Inc. on Count VI and that it:

a)   Award Plaintiff compensatory damages;

b)   Award Plaintiff emotional distress damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff court costs and disbursements; and

e)   Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

68.     Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

69.     Plaintiff brings claims against Defendant for IIED and holds each vicariously liable for the acts of the others.

70. During Plaintiff's employment with Defendant Sis-Bro, Inc., Defendant intentionally and recklessly harassed and inflicted emotional injury on Plaintiff by subjecting her to outrageous treatment beyond all bounds of decency.

71. Defendant's employees conduct toward Plaintiff over the course of her employment, was extreme and outrageous.

72. Defendant's president Clare, its employee "Yasson", and Defendant's supervisors all intended to inflict severe emotional distress on Plaintiff or knew that there was. at least a high probability that their conduct would inflict severe emotional distress on her.

73. Defendant's employees conduct did in fact cause severe emotional distress to the Plaintiff.

74. Defendant's employee Clare verbally and mentally abused Plaintiff and treated her in a demeaning and inferior manner, which no reasonable person could be expected to endure.

75. Defendant's employee "Yasson" verbally and physically abused Plaintiff and treated her in a demeaning and inferior manner, which no reasonable person could be expected to endure.

76. Defendant's supervisor verbally abused and insulted Plaintiff and made her feel discriminated because of her national origin and the color of her skin.

77. As a direct and proximate result of Defendant's employees malicious and conscious wrongful actions, Plaintiff has sustained severe emotional distress resulting in physical and mental injury and damages. Plaintiff has been suffering PTSD and anxiety as a result of Defendant's employee's actions.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Sis-Bro, Inc. on Count VII and that it:

a) Award compensatory damages for emotional distress suffered, pain and suffering, medical costs and expenses;

b) Award of all salary, wages, and benefits lost including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c) Award of the costs of this action; and

d) Such other and further relief as authorized by law or which this Court may deem just and equitable.

**/s/James M. Dore**
*Counsel for Plaintiff*
James M. Dore
Daniel I. Schlade
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**