IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   Case No. 3:24-cv-00968-JPG ) |
| SIS-BRO INC., | ) ) |
| **Defendant.** | ) |

**DEFENDANT SIS-BRO, INC.'S RESPONSE TO PLAINTIFF EEOC'S MOTION TO DISMISS EEOC LITIGATION**

COMES NOW Defendant Sis-Bro Inc. ("Defendant"), by and through counsel undersigned, and for its Response to Plaintiff EEOC's Motion to Dismiss EEOC Litigation, states as follows:

1.  On February 14, 2025, the EEOC filed a Motion to Dismiss EEOC Litigation ("Motion") (Doc. 63) and therein requested that the Court dismiss with prejudice the EEOC's lawsuit against Defendant and all claims therein alleged against Defendant under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991, on the following terms: 1) the dismissal the EEOC's lawsuit with prejudice shall be effective 30 days from the date on which the Court enters an Order on the EEOC's Motion, for the purpose of permitting the Charging Party an opportunity to seek new private counsel and attempt to reinstate her previously dismissed intervener complaint in this litigation; 2) each Party (Defendant and the EEOC only, not the Charging Party) to bear its own attorneys' fees and costs with respect to the dismissed EEOC lawsuit.

2. To be clear, Defendant does not oppose the EEOC's request for a dismissal with prejudice of the EEOC's lawsuit, nor does it oppose the condition that each Party (Defendant and EEOC) shall bear its own fees and costs with respect to the dismissed EEOC lawsuit..

3. However, Defendant **does oppose** permitting the Charging Party 30 days from the date on which the Court enters an Order on the EEOC's Motion to seek new private counsel and attempt to reinstate her previously dismissed intervener complaint in this litigation.

4. On February 6, 2025, the EEOC notified Defendant's counsel that it intended to file the Motion, and also advised Defendant's counsel that the EEOC had informed the Charging Party of the EEOC's intention to dismiss the EEOC's lawsuit.

5. As such, the Charging Party already has had two weeks to find new private counsel from the date of that conversation with the EEOC. She likewise has had over one month since January 16, 2025, when her former attorney voluntarily dismissed her intervener complaint and effectively withdrew from the case, to find new private counsel (Doc. 55).

6. On February 18, 2025, this Court issued an Order lifting the current stay in this case instructing, in part, that the Charging Party has 14 days (or until March 4, 2025) to respond to the EEOC's Motion and/or file a motion seeking substitution as a plaintiff in this lawsuit.

7. Consistent with how Defendant is interpreting the Court's February 18, 2025 Order, Defendant respectfully requests that if the Charging Party fails to respond to the EEOC's Motion and/or find new private counsel and/or move to attempt to reinstate her previously dismissed intervener-complaint by the Court-ordered deadline of March 4, 2025, that the Court enter an Order granting the EEOC's request in the Motion to dismiss the EEOC's lawsuit with prejudice, to be effective immediately, and not, as the EEOC's Motion requests, hold the dismissal with prejudice in abeyance for 30-days.

8. Stated differently, Sis-Bro requests that the Court deny the EEOC's Motion to Dismiss only to the extent that it purports to hold the dismissal with prejudice in abeyance for 30-days after entry of the Court's Order on the EEOC's Motion in order to give the Charging Party additional time beyond March 4, 2025 to seek new private counsel in order to attempt to reinstate her previously dismissed intervener complaint in this action, and for such other relief as the Court deems just and proper.

Dated: February 20, 2025                                                             Respectfully Submitted,

           /s/ Scott Cruz
Scott Cruz (IL #6277314)
scruz@ubglaw.com
UB Greensfelder LLP
200 W. Madison St., Suite 3300
Chicago, IL 60606
(312) 345-5008

Katie L. Fechte (IL #6322509)
kfechte@ubglaw.com
UB Greensfelder LLP
10 S. Broadway, Suite 2000
St. Louis, MO 63102
(314) 345-4729

*Counsel for Sis-Bro, Inc.*

## CERTIFICATE OF SERVICE

I, Christina Stemple, a non-attorney hereby certifies that on February 20, 2025, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's CM/ECF electronic filing system to all parties indicated on the electronic filing receipt.

           /s/ Christina Stemple