UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

and

RAFAEL FIGUEROA a/k/a Natasha Figueroa,

Prospective Intervenor Plaintiff,

v.

SIS-BRO INC.,

Defendant.

Case No. 24-cv-968-JPG

## MEMORANDUM AND ORDER

This case is in an unconventional posture.  It began in March 2024 as an employment

discrimination case brought by the Equal Employment Opportunity Commission ("EEOC") on

behalf of charging party Rafael Figueroa a/k/a Natasha Figueroa.[1]  The EEOC alleged that

defendant Sis-Bro Inc. discriminated against Figueroa by creating a hostile work environment

and constructively discharging her because of sex and transgender status (Doc. 1).

By early 2025, the case was well underway.  The Complaint had survived a motion to

dismiss (Doc. 28), and the Court had allowed Figueroa to intervene to assert discrimination

claims on the basis of national origin and race, state law discrimination claims based on sex, and

other state law tort claims (Doc. 34).  The Court dismissed some of those claims (Doc. 52), and

---

[1] At some stages of the litigation the parties have referred to the charging party as "Rafael
Figueroa n/k/a Natasha Figueroa" and at other stages as "Natasha Figueroa f/k/a Rafael
Figueroa."  In the absence of any allegation that the charging party has legally changed names
from Rafael Figueroa to Natasha Figueroa, the Court will call her "Rafael Figueroa a/k/a Natasha
Figueroa" to bring consistency to the case file.

the remainder were voluntarily dismissed without prejudice by Figueroa (Doc. 38).

The parties had also become involved in a discovery dispute regarding a subpoena directed to Figueroa's then-current employer.  The EEOC had moved to quash the subpoena (Doc. 40), and the Court had temporarily stayed the response date (Doc. 41) and set a follow-up hearing (Doc. 47).

Before the hearing, Sis-Bro filed a motion for partial summary judgment on the issue of backpay, front pay, and reinstatement; it asserted Figueroa was not entitled to any of those remedies because she is not legally able to work in the United States (Doc. 48).

Then in late January 2025, the Executive Administration changed, and President Trump issued Executive Order 14168, "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."  The Court stayed this litigation briefly to give the EEOC time to determine whether the Executive Order would affect this litigation (Doc. 61).  The EEOC then moved to dismiss this case with prejudice asserting that continuing to litigate would violate Executive Order 14168 (Doc. 63).

While the motion to dismiss was pending, Figueroa again sought to intervene (Doc. 69) and, several weeks later, submitted a proposed First Amended Intervenor Complaint (Doc. 82). In Count I of the proposed pleading, Figueroa asserts a claim for discrimination based on sex and transgender status by harassment and constructive discharge, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).  In Count II, she asserts a claim of discrimination based on race, color, ethnicity, and national origin in violation of 42 U.S.C. § 1981.  In her prayer for relief, she does not seek backpay, front pay, or reinstatement.  Instead, she seeks non-pecuniary and punitive damages as well as attorney's fees and costs.

Likely sensing a quick and final victory over a compliant plaintiff slipping away, Sis-Bro

filed a series of related motions:  a motion to dismiss Figueroa's motion to intervene (Doc. 71), a

motion to grant its motion for partial summary judgment (Doc. 79), and a motion to strike

Figueroa's response to its motion to grant its motion for partial summary judgment (Doc. 81).

Before turning to the specific motions in issue, the Court recognizes that it may not

dictate what cases the EEOC pursues.  That is the exclusive purview of the Executive Branch.

By the same token, the Court is mindful that, regardless of Executive Order 14168, it is unlawful

to discriminate against an individual in employment because of their sex or transgender status.

*Bostock v. Clayton Cnty.*, 590 U.S. 644, 683 (2020) ("An employer who fires an individual

merely for being gay or transgender defies the law.").  Figueroa has an interest in her claims that

Sis-Bro violated the law when she was employed there, and she deserves a fair opportunity to

litigate them.  The Court will not allow the EEOC to deprive her of that opportunity by taking

her on a dive along with it.  There may be other reasons Figueroa's claims fail—and this unique

procedural posture is sure to raise novel arguments—but the EEOC's change of heart will not be

one of those reasons.

The Court turns now to specific motions.  In making these rulings, the Court has

considered the briefing on each particular motion as well as other filings that relate to the subject

matter.

## I.      EEOC's Motion to Dismiss With Prejudice (Doc. 63)

Federal Rule of Civil Procedure 41(a)(2) provides that only the Court may dismiss an

action after an adverse party has filed an answer or motion for summary judgment or in the

absence of a stipulation of dismissal of an entire case from all the parties.  The Court will grant

the EEOC's motion to dismiss its claims except that dismissal will be *without prejudice* to ensure

Figueroa's rights are not impaired.  Essentially, the effect would be as if, in light of Executive

Order 14168, the EEOC reconsidered its decision that reasonable cause existed to believe that an

unlawful employment practice has occurred under Title VII, *see* 29 C.F.R. § 1601.21, and

dismissed her charge.  This would leave Figueroa free to attempt to pursue her claims on her own

behalf.  As agreed, the EEOC and Sis-Bro will bear their own fees and costs with respect to the

dismissed claims.

**II.    Figueroa's Motion to Intervene (Doc. 69) and Sis-Bro's Motion to Dismiss Figueroa's Motion to Intervene (Doc. 71)**

Sis-Bro first asked the court to dismiss Figueroa's motion to intervene on the grounds

that it was not accompanied by a proposed pleading in intervention as required by Federal Rule

of Civil Procedure 24(c) and that the later proposed pleading made the motion untimely (Doc.

71).  The motion to intervene was filed without a proposed pleading, but the Court allowed

Figueroa an extension of time to submit it, and she met that deadline (Doc. 82).

Rule 24(c) states, "The motion [to intervene] must state the grounds for intervention and

*be accompanied by a pleading* that sets out the claim or defense for which intervention is

sought."  However, the Court has discretion to accept a procedurally defective motion to

intervene as long as no prejudice results.  *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584,

595 (7th Cir. 1993).

Sis-Bro points to the prejudice it would suffer if Figueroa were allowed to intervene

before it can respond based on the content of a proposed pleading in intervention.  The Court has

removed that prejudice by delaying a ruling on the motion to intervene until Sis-Bro can review

the proposed pleading before responding to the motion.  Indeed, it has done so (Doc. 84).

One of Sis-Bro's original fears was that Figueroa would seek backpay, front pay, and

reinstatement, relief which Sis-Bro believes is unavailable, as explained in its motion for partial

summary judgment (Doc. 48).  But she does not expressly pursue that relief in her proposed First

Amended Intervenor Complaint.  And although the Court may always order appropriate relief

even if not requested, Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to

which each party is entitled, even if the party has not demanded that relief in its pleadings."), Sis-

Bro may make an appropriate objection or motion if it learns through discovery or otherwise that

Figueroa has plans to pursue such relief.

Sis-Bro also believes it will be prejudiced if Figueroa is allowed to replead causes of

action that are subject to dismissal based on the Court's prior rulings.  In her proposed First

Amended Intervenor Complaint, she pleads a Title VII claim for discrimination based on sex and

transgender status and a claim under 42 U.S.C. § 1981 based on race, color, ethnicity, and

national origin.

As for the § 1981 claim, the Court has already made certain rulings.  It ruled that

Figueroa's § 1981 claim cannot be based on her national origin, and it dismissed her § 1981

claim based on race/ethnicity without prejudice with leave to replead (Doc. 52).  Thereafter

Figueroa and Sis-Bro stipulated to dismissal of her § 1981 claim without prejudice (Doc. 55).  So

as not to prejudice Sis-Bro by forcing it to relitigate a decided matter, the Court will not allow

Figueroa to replead a § 1981 claim.  As it ruled in its January 16, 2025, order, there is no such

claim based on national origin, and Figueroa had insufficiently pleaded—and continues to

insufficiently plead in the proposed First Amended Intervenor Complaint—a claim based on race

or ethnicity.  The Court will not allow those claims to reenter the case.[2]

As for Figueroa's Title VII claim, it is a brand-new claim for her, although it is similar to

the claim being abandoned by the EEOC despite its survival of a motion to dismiss (Doc. 28).

---

[2] Contrary to Sis-Bro's assertions, *res judicata* does not apply.  There has been no final judgment
in this case.

As such, it should not be a surprise to Sis-Bro, which has presumably been preparing to litigate

such a claim since this case began more than a year ago.  The Court sees no prejudice to Sis-Bro

in allowing the claim to proceed as a claim in intervention.  The prejudice it claims is simply

having to litigate a lawsuit that, had it been up to the vagaries of the EEOC, it would have won

quickly.  In fact, should Figueroa not be allowed to proceed on this claim, she will suffer

prejudice from losing her unconditional right to intervene given by the Civil Rights Act.  42

U.S.C. § 2000e-5(f)(1) ("The person . . . aggrieved shall have the right to intervene in a civil

action brought by the Commission. . . .").

In its more recent response to Figueroa's motion to intervene, Sis-Bro refines its

arguments and adds a few more.  First, Sis-Bro complains that Figueroa did not timely assert a

Title VII claim because she did not assert it in her original Intervenor Complaint.  It points to the

four-factor test in *Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003), to

determine whether intervention is timely:  "(1) the length of time the intervenor knew or should

have known of [her] interest in the case; (2) the prejudice caused to the original parties by the

delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual

circumstances."

In light of these factors, Figueroa's intervention is timely.  First, of course she knew that

she had an interest in this case since its inception, but she placed her confidence in the good faith

of the EEOC to pursue her rights along with its other statutory aims.  Only when the EEOC

changed its mind did it become apparent she could not rely on the agency.  Not long after that,

she sought to intervene to present the cause of action the EEOC was set to ditch.[3]  Sis-Bro

---

[3] This case is not comparable to other cases where the EEOC settled for relief to which the
charging party objected.  This is more akin to a total abandonment.  And while an unfavorable

quibbles about the number of weeks it took for Figueroa to locate counsel and to submit her proposed pleading, but in the grand scheme of the slowly grinding wheels of justice, that time is insignificant.

The Court has already discussed the prejudices to the parties—not much to Sis-Bro if Figueroa is allowed to intervene, and quite a bit to Figueroa if she is not. And there are clearly "unusual circumstances" as set forth in the beginning of this order. All things considered, the Court finds Figueroa's motion to intervene is timely.

Sis-Bro's remaining arguments addressing a § 1981 claim are immaterial since the Court is not allowing such a claim to proceed.

In sum, the Court sees no prejudice to Sis-Bro from allowing the First Amended Intervenor Complaint, modified as discussed above. It therefore will deny Sis-Bro's Motion to Dismiss Figueroa's Motion to Intervene (Doc. 71) and grant the Motion to Intervene (Doc. 69) as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(1) ("On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute. . . ."). The Court further accepts the tendered First Amended Intervenor Complaint for Count I, a Title VII claim, but not for Count II, a § 1981 claim. Accordingly, the Court will order that Figueroa shall have seven days to file the proposed First Amended Intervenor Complaint omitting Count II.[4]

### III.    Motion to Quash Subpoena (Doc. 40)

The subpoena that is the target of this motion was issued in November 2024 by Sis-Bro to

---

settlement is always foreseeable when the EEOC is the plaintiff, total abandonment not based on events in the case appears to be unprecedented.

[4] Sis-Bro threatens to seek costs under Federal Rule of Civil Procedure 41(d) from Figueroa for refiling an action against the same defendant that she previously dismissed. That is its prerogative, and the Court will decide that matter if and when such a motion is actually filed.

Figueroa's then current employer, the Union Club Hotel at Purdue University, seeking various employment records.  Sis-Bro sought such records for the purpose of discovering information relevant to Figueroa's wage damages claim and mitigation efforts, information that the EEOC did not possess.  The Court temporarily stayed the deadline to respond to the subpoena, and nothing since then has disturbed that stay.

The Court held a telephone hearing on this matter on December 12, 2024, at which it determined that the information Sis-Bro sought was likely available through Figueroa herself.  The Court instructed the parties to try to get the information from her, and ordered her to appear at the follow-up hearing, but that hearing never happened.

As noted above, the forthcoming First Amended Intervenor Complaint will significantly change the landscape of this case with respect to the damages Figueroa seeks.  Specifically, she no longer expressly seeks backpay, front pay, or reinstatement, and there is no suggestion she will actually seek such relief.  Accordingly, the relevance of the information sought in the subpoena—employment records regarding damages and mitigation efforts—is substantially less, if not nonexistent.  To put this in the language of Federal Rule of Civil Procedure 45, the request for documents, in light of the current issues in the case, places an undue burden or expense on the Union Club Hotel.  Fed. R. Civ. P. 45(d)(1).  Accordingly, the Court must quash it.  Fed. R. Civ. P. 45(d)(3).

If Sis-Bro believes discovery on backpay, front pay, or reinstatement is relevant and proportional to the needs of the case in light of its current scope, it may seek such information directly from Figueroa.  Any dispute is now with her, not the EEOC, and the Court will give that dispute a fresh start.  To that end, the Court will grant the motion to quash (Doc. 40) and will quash the subpoena issued to the Union Club Hotel at Purdue University.

**IV.**    **Motion for Partial Summary Judgment (Doc. 48) and Motion for an Order on the Motion for Partial Summary Judgment (Doc. 79), and Motion to Strike (Doc. 81)**

In the motion for partial summary judgment, Sis-Bro seeks a legal determination that Figueroa is not entitled to backpay, front pay, or reinstatement, remedies the EEOC requested in the Complaint. This is because, Sis-Bro alleges, she is not legally authorized to work in the United States. However, the motion is directed at the relief sought in the Complaint. As noted, the First Amended Intervenor Complaint contains no such request for relief, and there is no suggestion Figueroa will actually seek such relief. Accordingly, the Court will deny Sis-Bro's motion for partial summary judgment as moot (Doc. 48) in light of the forthcoming First Amended Intervenor Complaint. Sis-Bro may raise the issue in the future if it learns through discovery or otherwise that Figueroa has plans to pursue such relief.

In an unconventional motion untethered to any Federal Rule of Civil Procedure, Sis-Bro moves the Court to grant its motion for partial summary judgment and to grant the EEOC's motion to dismiss (Doc. 79). Ordinarily a motion itself is a sufficient request for the relief it seeks; a motion to grant the motion is unnecessary and simply clutters the file. And anyway, Sis-Bro's argument is not persuasive. It notes that the EEOC failed to file a timely response to its motion for partial summary judgment within 30 days of its filing (including tolling the period of the Court's temporary stay). It asks the Court to deem all its facts admitted pursuant to SDIL-LR 56.1(g) and to grant its summary judgment motion.

This strikes the Court as a bid to seize on the procedural chaos in this litigation, precipitated by the EEOC's motion to dismiss, to claim a preclusive victory against an uncommitted EEOC on an issue that is likely to disappear from this litigation as soon as the agency does. In fact, there is no real dispute for the Court to decide, and doing so would run contrary to the principle of judicial restraint. And to the extent Sis-Bro argues that the Court

9

*must* do anything pursuant to local rules, it forgets that the Court had discretion to bend its local rules when justice required.  *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).  Justice requires that the Court let these damages issues be until they become relevant and in controversy again.  Accordingly, the Court will deny Sis-Bro's motion to grant the motion for partial summary judgment and other related relief (Doc. 79).

Finally, Sis-Bro asks the Court to strike Figueroa's response to its motion to grant its motions (Doc. 81).  It notes that Figueroa is not yet a party to this case so has no standing to express her opinion and that it only seeks Court determinations against the EEOC.  In light of the fact that the Court has resolved Sis-Bro's motion for partial summary judgment and the EEOC's motion to dismiss without considering Figueroa's response, it will deny Sis-Bro's motion to strike as moot (Doc. 81).

## V.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the EEOC's Motion to Dismiss (Doc. 63) but **DISMISSES** the EEOC's claims in the Complaint **without prejudice**;

- **GRANTS** Figueroa's Motion to Intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(1) (Doc. 69);

- **DENIES** Sis-Bro's Motion to Dismiss Figueroa's Motion to Intervene (Doc. 71);

- **ORDERS** that Figueroa shall have seven days from entry of this order to electronically file the First Amended Intervenor Complaint omitting Count II;

- **GRANTS** the EEOC's Motion to Quash the subpoena issued on November 5, 2024, to The Union Club Hotel at Purdue University (Doc. 40) and **QUASHES** that subpoena (Doc. 40-1);

- **DENIES as moot** Sis-Bro's Motion for Partial Summary Judgment (Doc. 48);

- **DENIES** Sis-Bro's Motion to grant the motion for partial summary judgment and other related relief (Doc. 79); and

- **DENIES as moot** Sis-Bro's Motion to Strike Figueroa's response brief (Doc. 81).

Once Figueroa files her First Amended Intervenor Complaint (omitting Count II), the Court will set a new trial date and order the parties to confer and submit a proposed scheduling and discovery order based on that date.

The Court will also refer this matter to the Mandatory Mediation Program. Indeed, this case seems ripe for guidance by a neutral third-party. Even if she prevailed, Figueroa appears to have minimal pecuniary losses since she is not claiming lost wages of any kind and has appeared in the past not to be totally engaged in this litigation. And Sis-Bro's pearl-clutching appears to be impeding rational analysis of the value of this case. There appears to be plenty of ground for a neutral third-party to facilitate progress toward a mutually agreeable resolution.

**IT IS SO ORDERED.**
**DATED:  June 5, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**